# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1997 SESSION

FILED

January 21, 1998

Cecil W. Crowson
Appellate Court Clerk

|  |  |
|---|---|
| **STATE OF TENNESSEE,** | ) |
|  | ) C.C.A. No. 01C01-9702-CC-00063 |
| Appellee, | ) |
|  | ) Hickman County |
| V. | ) |
|  | ) Honorable Cornelia A. Clark, Judge |
|  | ) |
| **JOHN E. TIDWELL,** | ) (Sentencing) |
|  | ) |
| Appellant. | ) |

FOR THE APPELLANT:

John H. Henderson
District Public Defender

Elaine B. Beeler
Assistant Public Defender
P.O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh
District Attorney General

Ronald Davis
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

The appellant, John E. Tidwell, pled guilty to aggravated burglary and theft of property over $1000 in June 1996. The parties agreed that the defendant would receive a sentence of three years on the aggravated burglary and two years on the theft. The court then sentenced the appellant to serve five years on probation, with seventy-five days to be served in jail and 300 hours of community service work. The appellant was also ordered to pay restitution.

The appellant's sole issue on appeal is whether the trial court should have ordered him to serve seventy-five days in jail. We affirm.

On January 17, 1996, the appellant and three juveniles sought out a house to burglarize. After determining that no one was at home, the appellant and these juveniles broke into the home of Gerald Breece and took items belonging to him. After he was arrested, the appellant confessed to the crime and helped police locate some of the stolen items.

The appellant argues that he is a suitable candidate for full probation. He contends that he has no criminal history before these offenses, although he admitted to underage drinking and smoking marijuana. He also asserts that he is working toward obtaining his GED. He further notes that he admitted his involvement in the burglary and assisted the police in recovering the stolen items.

The state maintains that the trial court properly sentenced the appellant. First, although the appellant was ordered to serve seventy-five days in jail, only thirty days were to be served day-for-day, with the remainder to be served in 48-hour increments. This plan was created so that the appellant could maintain employment.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1990).

From the record before us, the trial court did indicate that the appellant was an appropriate candidate for alternative sentencing, just not full probation. The court denied full probation because of the appellant's inconsistent work history, including a three-month period in which he did not work at all; the fact that he had not obtained his GED; and his past criminal behavior, which included underage drinking and marijuana usage. In denying full probation, the trial court noted that some amount of incarceration was necessary to avoid depreciating the seriousness of the offense. Tenn. Code Ann. § 40-35-103(1) (1990).

After carefully reviewing the record before us, we conclude that the trial court did not err in denying full probation to the appellant. Probation is a privilege, not a right. We affirm the trial judge's decision.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
JOSEPH B. JONES, Presiding Judge


_____
WILLIAM M. BARKER, Judge